## Bangor Trust Company, Administrator, v. Sandt.

*Practice, J. P.—Letter by justice to defendant.*

A mere letter addressed by a justice of the peace to a debtor, notifying him that a claim was in the hands of the justice for settlement, and if not paid within five days, the plaintiff would commence suit to collect it, does not disqualify the justice from acting in his official capacity. In this class of cases the burden is on the defendant to show that the justice of the peace has acted as the agent of the plaintiff, or that he has displayed a partisan spirit which shows that he has prejudged the case. Worman *v.* Walter, 8 Northampton Co. Reps. 172, followed.

*Certiorari* to justice of the peace. C. P. Northampton Co., June T., 1921, No. 135.

*Kent & Rockwell,* for plaintiff; *Herbert F. Laub,* for defendant.

Stewart, P. J., Nov. 29, 1926.—A writ of *certiorari* was issued in above case on June 6, 1921. Within the statutory period the defendant filed nine exceptions. We have examined the three exceptions that may be deemed to be exceptions connected with the record. We find nothing in them that requires discussion. Exceptions four to nine, both inclusive, deal with the allegation that the justice of the peace had disqualified himself to act as a judge by acting as the agent of the plaintiff. Of these exceptions, the only two that we can consider are the seventh and the eighth, which contain a

Bangor Trust Company, Administrator. *v.* Sandt.

letter from the justice of the peace to the defendant, dated May 5, 1921, marked "Exhibit A," and the reply of the defendant's counsel to the justice of the peace, marked "Exhibit B." It was agreed on the argument that these were the letters of the parties, and that they had been mailed and received at about the dates thereof. The burden was on the defendant to prove the subject-matter of all the other exceptions by depositions, which has not been done. Of course, Exhibit B, having been written to the justice of the peace, is not his act.. It is not necessary to quote Exhibit A in full. The only relevant matter is the ending, as follows: "He wants me to state further that he believes he has been fair in his dealings with you, and that if you send to me for him your check for $200, he will settle; if not received in five days from the date hereof, he will authorize suit for a settlement. Yours truly," &c. Many cases involving the same matter have been passed on by the judges of this county, and we have uniformly followed the opinion of the late President Judge Schuyler, in Worman *v.* Walter, 8 Northamp. Co. Repr. 172, where it was decided: "Where a claim has been placed in the hands of a justice of the peace for collection and the justice gives the debtor notice of the fact, demanding payment, which is refused, this will not constitute the justice the plaintiff's agent in such a sense as to prevent him from subsequently entertaining jurisdiction of a suit brought to enforce payment of the claim;" and we shall do so in the present case, as our practice should be based on well-considered decisions, unless we are convinced that they are erroneous. In the case referred to Judge Schuyler admits that it was a reversal of his position in a former case. While it would be impossible to discuss all the decisions cited to us in the briefs of the learned counsel for both plaintiff and defendant, yet we have examined all of them, and will briefly note what seems to us to be important. In the first place, what was said in the leading case of Boyer *v.* Potts, 14 S. & R. 157, and which is so often quoted, was not said in a *certiorari*, where the question was as to the agency of the justice of the peace for the plaintiff, but was said in passing on an exception as to the admission of evidence. In a case in the Superior Court, Wagner *v.* Hoffman, 19 Pa. Superior Ct. 414, which was decided on Feb. 14, 1902, and which Judge Schuyler could not have seen, for his opinion was handed down on Feb. 3, 1902, the Superior Court affirms the view of Judge Schuyler. The syllabus of that case is as follows: "A mere letter addressed by a justice of the peace, addressed to a debtor, notifying him that a claim against him had been left with the justice of the peace for collection, without any other evidence of the agency of the justice for the creditor, is not sufficient to disqualify the justice from acting in his official capacity in the collection of a claim by a suit." On page 418, Judge Beaver said: "The entire evidence, taken together, is not sufficient, in our opinion, to constitute such an agency as would disqualify a justice of the peace from acting in his official capacity in the collection of the claim by a suit. The letter was such a notice as is frequently given, and very properly given, by justices of the peace to their neighbors in order to avoid costs, but this should not of itself disqualify him, in the absence of evidence that he had been employed as attorney-in-fact or agent by the plaintiff to collect his claim. Upon both grounds, therefore, we think the finding of the referee should be sustained." Where the depositions show that the justice of the peace has acted as the agent of a party, or as his advisor, or displays a partisan spirit which shows that he has prejudged the case, a judgment rendered by him in favor of the plaintiff should be reversed. While somes cases cited may seem to be on the border-line, yet we think that the burden is on the party alleging the disqualification of the justice of the peace to

Bangor Trust Company, Administrator, v. Sandt.

show it by proof. There is nothing in Exhibit A which gives color to any such contention. In our examination of this matter, we have discovered a well-considered opinion by President Judge Wanner, in Manifold v. Kniseley, 29 Dist. R. 666, which contains the parties' correspondence in full. The syllabus is as follows: "Writing a letter at the instance of the plaintiff to the defendant's counsel in a case which the justice knows is a contested one and will probably be tried before him, for the purpose of enforcing payment of the plaintiff's claim, in which letter the justice declares what the facts are and the number of the witnesses to the same, and indicates that he has come to a conclusion as to the facts and merits of the case, is sufficient to constitute the justice the agent of the plaintiff and to disqualify him from trying the case. A judgment entered by a justice under such circumstances will be reversed on certiorari." That case illustrates conditions under which a judgment ought to be reversed for improper conduct of the justice of the peace; but the present case is not in that class.

And now, Nov. 29, 1926, all the exceptions are dismissed and the judgment of the justice of the peace is affirmed.

From Henry D. Maxwell, Easton, Pa.